**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| KATHERINE J MORRIS, | ) | Case No. 22-11379-KHK |
| | ) | Chapter 13 |
| Debtor. | ) | |
| _____ | ) | |

**MEMORANDUM OPINION AND**
**ORDER OVERRULING**
**DEBTOR'S OBJECTIONS TO PROOFS OF CLAIM NOS. 1 AND 2**

This matter came before the Court on the Debtor's Objections to Proofs of Claim Nos. 1 and 2 filed by LVNV Funding, LLC ("LVNV"). The Court conducted an evidentiary hearing and heard the parties' arguments on March 2, 2023. For the reasons stated below, the Court will overrule the Debtor's Objections to both claims.

**Findings of Fact**

The Court, having heard the evidence, makes the following findings of fact.

*A. Ms. Morris's Bankruptcy Case.*

1.       The Debtor, Katherine J. Morris, is an individual residing in Manassas, Virginia. She filed a Voluntary Petition under Chapter 13 with this Court on October 14, 2022. Docket No. 1.

2.       In her Schedules, Ms. Morris listed a debt owed to LVNV as "assignee of Credit One Bank" in the amount of $2,921.00, consisting of two separate debts - $1,300.71 on account no. 7322 and $1,620.29 on account no. 6337. Docket No. 1, Schedule F, p. 5.

3.       On February 27, 2023, the Court entered an Order confirming the Debtor's Chapter 13 Plan. Docket No. 32.

4.      The Plan calls for the Debtor to make payments of $870.00 already paid in plus $700.00 per month for 21 months, $800.00 for 7 months and $900.00 for 30 months, for an estimated distribution to the unsecured creditors of 30.5%. Docket No. 17, ¶¶ 2, 5(A).

B.      *The LVNV Proofs of Claim.*

5.      LVNV timely filed two Proofs of Claim in the case, Claims 1 and 2, in the amounts of $1,620.29 and $1,300.71, respectively.

6.      Both of the Claims, although filed by LVNV, indicate that notices and payments should be sent to Resurgent Capital Services in Greenville, SC.

7.      LVNV attached to both Proofs of Claim: (a) a document styled "Proof of Claim Account Supplemental Data;" and (b) a series of Assignments of the obligations.

8.      The Assignments were admitted into evidence as Debtor's Exhibit 1.  Docket No. 36-1. They state that certain debts that originated with Credit One Bank, N.A. originally were assigned to  MHC Receivables, LLC. MHC Receivables then assigned the debts to FNBM, LLC. FNBM then assigned the debts to Sherman Originator III, LLC. Sherman Originator III then transferred the debts to Sherman Originator, LLC. In the same document, Sherman Originator, LLC transferred the debts to LVNV. *Id.*

9.      The first three Assignments have the same Exhibit A, an Account Schedule, which identifies the accounts being transferred as: "The Accounts that are specifically identified in the electronic file named CreditOne_Fresh_LegalRecall_022022 with such electronic file incorporated herein by reference." *Id.*

10.     The last Assignment, from Sherman Originator III to Sherman Originator, and then to LVNV, transferred "the receivables and other assets (the 'Assets') identified in Exhibit A, in the Receivables File dated February 02, 2022…" Exhibit A to this Assignment identifies the

Receivables File as "02.18.22 CreditOne_Fresh_LegalRecall_022022," with a Transfer Group

number 802651 and a Portfolio number of 39768. *Id.*

     C. *The Debtor's Objections to the Two Proofs of Claim.*

     11.    On January 17, 2023, the Debtor filed Objections to the two Proofs of Claim.

Docket Nos. 19, 21.

     12.    Shortly before the hearing, Ms. Morris filed an Amended Schedule F, in which she

listed the debt to LVNV as "disputed." Docket No. 35.

     13.    At the hearing, LVNV produced credit card statements from Credit One in the name

of Ms. Morris, with account balances corresponding to two Proofs of Claim. LVNV Exs. A, and

B.

     14.    Ms. Morris did not deny that she had two credit cards with Credit One, with

balances in the same amounts as stated LVNV's two Proofs of Claim. She denied, on the other

hand, that she ever had a credit relationship of any kind with LVNV.

**Conclusions of Law**

     This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the Order of

Reference entered by the U.S. District Court for this District on August 15, 1984. This is a core

proceeding under 28 U.S.C. § 157(B)(2)(B) (allowance or disallowance of claims against the

estate).

     **I.**    **Judicial Estoppel.**

     LVNV first argues that the Debtor is estopped from objecting to its claims because she did

not list the debts in Schedule F as disputed. She later amended Schedule F to state that the debts

were disputed. A debtor has a right to amend her Schedules at any time before the case is closed.

Bankruptcy Rule 1009(a).

3

"[W]here a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him." *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001) (quoting *Davis v. Wakelee*, 156 U.S. 680, 689 (1895)). This concept, known as judicial estoppel, protects the integrity of the judicial process, *Allen v. Zurich Ins. Co.*, 667 F.2d 1162, 1166 (4th Cir. 1982), and prevents the parties from "playing fast and loose with the courts." *Lowery v. Stovall*, 92 F.3d 219, 223 (4th Cir. 1996). Judicial estoppel requires proof of four elements: (1) the party must be seeking to adopt an inconsistent position from that taken in prior litigation; (2) the position must be one of fact, not of law; (3) the prior inconsistent position must have been accepted by the court; and (4) the party must have "'intentionally misled the court to gain an unfair advantage.'" *W. Insulation, LP v. Moore*, 316 F. App'x. 291, 299 (4th Cir. 2009) (quoting *Zinkand v. Brown*, 478 F.3d 634, 638 (4th Cir. 2007)); *In re Rivera*, Adv. Pro. No. 13–01280, 2014 WL 287517, at *4 (Bankr. E.D. Va. Jan. 27, 2014).

The question is whether Ms. Morris' prior statement, that the two debts were not disputed, was ever accepted by this Court. The District Court for this District has held that when a debtor obtains a discharge his or her statements have been relied upon and accepted by the bankruptcy court. *Vanderheyden v. Peninsula Airport Comm'n*, 2012 WL 6760107 at *4. (E.D. Va. 2012). In a Chapter 13 case, however, debtors do not receive a discharge until completion of their plan payments. 11 U.S.C. § 1328(a). The District Court also has held that the confirmation of a Chapter 13 plan, without a discharge, is not an acceptance by the bankruptcy court sufficient to give rise to judicial estoppel. *Colluci v. Tysons Farm, Inc.*, 2014 WL 6879927 at *2 (E.D. Va. 2014); *Royal v. R&L Carriers Shared Services, LLC*, 2013 WL 1736658 at *6 (E.D. Va. 2013) ("Courts have

4

repeatedly emphasized that 'acceptance' in this context means that the bankruptcy court has not merely confirmed the debtor's bankruptcy plan but has also taken the ultimate step of granting the debtor relief (*i.e.*, discharge or repayment).").

The issue of acceptance for purposes of judicial estoppel is closely related to that of *res judicata* resulting from plan confirmation. The Fourth Circuit, and lower courts within this Circuit, have made a distinction between plan confirmation as barring claims by the debtor for an affirmative recovery, or for lien avoidance, and plan confirmation relating to unsecured claims. In the former case, plan confirmation will bar the debtor's claims as a matter of *res judicata*. In the latter case, plan confirmation will not bar the debtor's ability to object to unsecured proofs of claim. *Compare Covert v. LVNV Funding*, LLC, 779 F.3d 242 (4th Cir. 2015) (debtor barred by *res judicata* resulting from plan confirmation from bringing FDCPA and related statutory actions, post-confirmation); *and In re Pierce*, 2012 WL 1903263 (Bankr. E.D. Va. 2012) (debtor barred by res judicata from bringing lien strip-off adversary proceeding where confirmed Chapter 13 plan left secured creditor's rights unmodified); *with LVNV Funding, LLC v. Harling*, 852 F.3d 367, 376 (4th Cir. 2017) ("we hold that the Debtors' objections to LVNV's proofs of claim as an unsecured creditor are not barred by the doctrine of res judicata"); *and In re Haskins*, 563 B.R. 177 (Bankr. W.D. Va. 2017) (plan confirmation order did not establish the amount of unsecured creditor's claim for purposes of res judicata). The latter cases, *Harling* and *Haskins*, are consistent with the holdings in *Colluci* and *Royal* that plan confirmation is not an "acceptance" of the debtor's position for purposes of judicial estoppel, at least in the context of unsecured claims.

The Court finds that there has been no acceptance of Ms. Morris's first statement that the debt was not disputed. The Court, therefore, rejects the application of judicial estoppel on this issue.

5

## II.      The Debtor's Objections to the Claims.

The Court turns to the substance of the Debtor's Objections to LVNV's Proofs of Claim. When a proof of claim is filed, it is deemed to be an allowed claim, unless and until a party in interest objects to the claim. 11 U.S.C. § 502(a). If an objection is filed, the Court is required to conduct a hearing and to allow the claim, except to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law…" 11 U.S.C. § 502(b)(1). A proof of claim executed and filed in accordance with the Bankruptcy Rules constitutes prima facie evidence of the validity and amount of the claims. Bankruptcy Rule 3001(f). When a claim is objected to, the initial burden is on the objecting party. *In re Haymarket Transp., Inc.*, Case No. 09-20389-SSM, 2011 WL 1871112, at *2 (Bankr. E.D. Va. May 13, 2011). If the objecting party meets its burden in objecting to the validity or the amount of the claim, then the burden shifts to the claimant. *Id.; see also Falwell v. Roundup Funding, LLC (In re Falwell),* 434 B.R. 779, 784 (Bankr. W.D. Va. 2009); *In re Williams-Johnson*, Case No. 00-61211-DOT, 2006 WL 384989, at *2 (Bankr. E.D. Va. Jan. 4, 2006).

If a claim has been transferred other than for security before the claim is filed, the proof of claim may be filed only by the transferee. Bankruptcy Rule 3001(e)(1). For most claims that are based on a writing, "a copy of the writing shall be filed with the proof of claim." Bankruptcy Rule 3001(c)(1). In December 2012, Congress added language to Rule 3001(c)(1) excluding claims based on open-ended credit agreements (which includes credit card debts) from Rule 3001(c)(1)'s requirement that a copy of the agreement be filed with the claim. Rather, the claimant is required to file a statement including certain summary information concerning the claim: (i) the name of the party from whom the account was purchased; (ii) the name of the entity to whom the debt was owed at the time of the last transaction on the account; (iii) the date of the account holder's last

6

transaction; (iv) the date of the last payment on the account; and (v) the date on which the account was charged to profit and loss. Bankruptcy Rule 3001(c)(3)(A). "Under the current version of the Rule… assignees merely need to provide a summary of specific data that is calculated to provide the debtor with enough information to match the claim with a debt." *In re Crutchfield*, 492 B.R. 60, 67 (Bankr. M.D. Ga. 2013). The Debtor in this case does not dispute that the Supplemental Statements from Resurgent Capital attached to the two Proofs of Claim comport with the requirements of Rule 3001(c)(3)(A).[1]

Bankruptcy Rule 3001(b) provides that a proof of claim "shall be executed by the creditor or the creditor's authorized agent." The term "creditor" is defined as an entity that has a claim against the debtor. 11 U.S.C. § 101(10A). Bankruptcy Rule 3001(e)(1), as noted above, provides that a transferred claim "may only be filed by the transferee." The concept of standing, that is, ownership of the claim, therefore, is embedded in the Rules. The question is whether LVNV has demonstrated that it is the owner of the debts that are the subject of its Proofs of Claim.

The Court finds that the Debtor has not met her burden under the Rules, and the burden has not shifted to LVNV. The Debtor did not dispute that she had two credit cards with Credit One Bank, and that she owed precisely the same amounts to Credit One Bank as set forth in LVNV's two proofs of claim. LVNV's Assignments were not disputed, and they support the conclusion that there have been successive assignments ending with LVNV.  Debtor's Exhibit 1.  LVNV is in possession of account statements in the Debtor's name from Credit One Bank, with the same amounts due and owing, something that would be highly unlikely if LVNV were not the assignee. LVNV Exs. A, and B. There is a slight difference between the description of the file in the first

---

[1] Proofs of Claim that do not comport with the Rule's requirements are not necessarily disallowed; they simply are not entitled to a presumption of validity under Rule 3001(f). *In re Devey,* 590 B.R. 706, fn. 21 (Bankr. D. S.C. 2018); *Maddux v. Midland Credit Management, Inc.,* 567 B.R. 489, 495 (Bankr. E..D. Va. 2016); *In re Varona*, 388 B.R. 705 (Bankr. E.D. Va. 2008).

few Assignments ("CreditOne_Fresh_LegalRecall_022022") and the last Assignment to LVNV ("02.18.22 CreditOne_Fresh_LegalRecall_022022"), as well as in the text of the Assignment to LVNV referencing a "Receivables File dated February 02, 2022" (as opposed to February 20, 2022), but the Court views these differences to be immaterial.

The cases generally agree that a description of a credit file will suffice, and that the claimant need not prove that the debtor's individual account is included within the file. *In re Taranto*, 2012 WL 1066300, at *7 (Bankr. E.D. N.Y. 2012); *In re Samson*, 392 B.R. 724, 730 (Bankr. N.D. Ohio 2008) ("it is generally agreed that such evidence does not have to be exacting – e.g., the documentation for the assignment does not have to specify a debtor's particular account number. Instead, evidence of a blanket assignment may suffice"). Further, the Debtor's general statements that she never had a credit relationship with LVNV are insufficient to overcome the prima facie validity of the claims, where LVNV has produced evidence of the Assignments and the Assignments were not disputed at the evidentiary hearing. *In re Crutchfield,* 492 B.R. at 75; *In re Samson*, 392 B.R. at 732.

There are a number of pre-2012 Amendment cases that lend support to the Debtor's position. *In re Pursley*, 451 B.R. 213 (Bankr. M.D. Ga. 2011); *In re Taranto*, 2012 WL 1066300 (Bankr. E.D. N.Y. 2012). The Court, however, declines to follow these cases for two reasons. First, the Court agrees with the above authorities that the Debtor's statement that she had no credit relationship with LVNV is insufficient to overcome the presumption of validity, where the Assignments are not genuinely disputed. As noted by the Court in *Crutchfield*, "[t]he debtor's knowledge of an assignment, or lack thereof, is not necessarily relevant to the validity of the assignment." 492 B.R. at 75. Second, these cases pre-date the 2012 Amendments to Bankruptcy

8

Rule 3001. The Court is not aware of any reported post-2012 decisions that support the Debtor's

position.

Finally, the Court rejects the notion that there is any risk of duplicative claims here. The

deadline for filing proofs of claim in this case is April 12, 2023. Docket No. 3. If any claims are

filed that are duplicative of the LVNV claims, then the Debtor can renew her Objections to the

claims, or the Chapter 13 Trustee can object to either or both sets of claims.

The Court, therefore, will overrule the Debtor's Objections to LVNV's Proofs of Claim.

**Conclusion**

It is therefore **ORDERED**:

A.      The Debtor's Objections to Claims Nos. 1 and 2 are overruled.

B.      The Clerk will mail copies of this Opinion and Order, or will provide cm-ecf

notice of its entry, to the parties below.


Date: Mar 24 2023                                                    /s/ Brian F Kenney
Alexandria, Virginia                                             Brian F. Kenney
                                                                 United States Bankruptcy Judge

                                                    Entered On Docket:  March 24, 2023

Copies to:

Joseph M Goldberg
Banks & Associates
3158 Golansky Blvd., Suite 201
Woodbridge, VA 22192
*Counsel to the Debtor*

Bradley T. Canter
200A Monroe St., Suite 104
Rockville, Maryland 20850-4424
*Attorney for LVNV Funding, LLC*

Thomas P. Gorman
300 N. Washington St., Suite 400

Alexandria, VA 22314
*Chapter 13 Trustee*